IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAREY L. ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-CV-401 (MTT) |
| | ) | |
| KEVIN MCMICHAEL, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 39). The Magistrate Judge recommends granting the Defendants' Motion for Summary Judgment because there is no genuine issue of material fact whether the Defendants applied excessive force or were deliberately indifferent to the Plaintiff's serious medical needs. The Plaintiff filed an objection to the Recommendation. (Doc. 41). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Magistrate Judge breaks the Plaintiff's excessive force claims into three separate incidents on June 17, 2009: the incident where the Plaintiff refused to enter his cell, the incident where the Plaintiff refused to remove his shoes, and the incident where the Plaintiff threatened to tear up his mattress. The Court adopts the Recommendation with regard to the first and third incidents.

However, the Court rejects the Recommendation with regard to the second incident, which, according to the Plaintiff, involved all the Defendants except for Russell

White.  (Doc. 31, Deposition of Carey Ross, at 41-42, 46).  The Defendants entered the Plaintiff's cell to give him his food tray.  While inside, the Defendants noticed the Plaintiff was wearing personal shoes instead of the required flip-flops, and ordered the Plaintiff to remove his shoes.  The Plaintiff refused and, according to the Defendants, when Defendant Kevin McMichael reached for the Plaintiff's arm to handcuff him, the Plaintiff bit McMichael's thumb.  The Plaintiff claims McMichael was hitting him in the mouth.  The Plaintiff denies he tried to bite McMichael's thumb, but he concedes it is possible McMichael's thumb may have gotten "snagged" when McMichael hit him in the mouth.  (Doc. 31, Deposition of Carey Ross, at 48).

According to the Plaintiff, he was then placed on the floor and handcuffed.  After he was subdued, the Defendants, the Plaintiff alleges,[1] lifted him four or five feet off the floor and slammed him to the floor.  *Id.* at 50-51.  The Defendants argue the Plaintiff hit his face on the floor in the process of being handcuffed.

Because the Plaintiff was bleeding, Defendant Carlos Rhodes put a mask on the Plaintiff's face to prevent blood from getting on the floor.  The Defendants called the paramedics who took the Plaintiff to the hospital.  According to medical records, he had a lip contusion and three loose teeth.  The Plaintiff was given Tylenol for his pain.

Construing the facts in the light most favorable to the Plaintiff, there is a question of fact whether excessive force was applied during the second incident.  The Plaintiff claims he was lifted and slammed face first to the ground *after* he was handcuffed.

---

[1] When asked who slammed him, the Defendant responded, "I can't really say which ones body slammed me, but I know Carlos Rhodes was one of them…."  (Doc. 31, Deposition of Carey Ross, at 46).

In *Edwards v. Shanley*, 666 F.3d 1289 (11th Cir. 2012), the plaintiff fled after a traffic stop.  The plaintiff eventually laid down on his stomach in an open area in the woods.  Before the plaintiff could finish saying, "You got me. I only ran because of my license," the officers released a police dog on the plaintiff.  The dog bit the plaintiff's leg for somewhere between five to seven minutes.

The Eleventh Circuit reversed the district court's grant of summary judgment for the officers based on qualified immunity.  The Court primarily relied upon the *Graham* [*v. Connor,* 490 U.S. 386 (1989)] factors: "(1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight."  *Edwards*, 666 F.3d at 1295 (quotations and citation omitted).  The Court stated that "the *Graham* factors compel the conclusion that [the officer] used unreasonable force when he subjected [the plaintiff] to five to seven minutes of dog attack, while [the plaintiff] was pleading to surrender and [the officer] was in a position to immediately effect [the plaintiff's] arrest.  *Id.* at 1296.

Although *Edwards* takes place in a different, and more egregious, factual context, at their core, both cases involve force used on individuals who no longer posed a threat.  In *Edwards*, the unrestrained plaintiff laid on his stomach and announced his surrender.  Here, force may have been necessary to handcuff the Plaintiff so the Defendants could remove his shoes, but once he was handcuffed and laid on his stomach, the Plaintiff no longer posed a threat.  Thus, viewed in the light most favorable to the Plaintiff, the Court cannot find the Defendants' actions did not amount to excessive force as a matter of law.

Further, this Court recently adopted a recommendation to deny a motion for summary judgment based on excessive force because the plaintiff received a lip contusion and a chipped tooth when he was slammed face first to the ground while handcuffed.  *Campbell v. Harvill*, 5:10-cv-303 (Doc. 43).  Here too, the Court finds summary judgment inappropriate.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge with regard to the Plaintiff's deliberate indifference claim.  When the Defendants saw the Plaintiff was bleeding, they called the paramedics who took the Plaintiff to the hospital.  The Plaintiff claims he only had blood drawn and his mouth was not treated, but he was given Tylenol for his pain.  Further, there is no evidence any of the Defendants had authority to direct the Plaintiff's medical care.

Accordingly, the Motion is **GRANTED in part and DENIED in part** with regard to Defendants Kevin McMichael, Gillis Lowe, Carlos Rhodes, and Phillip Vinson, and **GRANTED** with regard to Defendant Russell White.

**SO ORDERED**, this the 30th day of March, 2012.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT