**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CAREY L. ROSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:10-CV-401 (MTT)** |
| ) | |
| **KEVIN MCMICHAEL,** *et. al*, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

The Defendants allege in their Trial Brief that the Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 52, at 10). The Defendants also raised a failure to exhaust defense in their Motion for Summary Judgment. (Doc. 32, at 8). In that motion, they argued that the Plaintiff admitted in his Statement of Claim, which is part of the Complaint, that his "current institution" had a grievance procedure and that he did not file a grievance. That argument made no sense because the Plaintiff's "current institution" was a state facility, not the Jasper County Detention Facility where the Plaintiff claims he was injured. Nor did the Defendants offer any evidence at that time that the Jasper County Detention Facility had a grievance procedure.

At the Pretrial Conference, the Defendants, evidently realizing their argument made no sense, based their exhaustion defense on a different premise. Now, they claim, the Jasper County Sheriff is prepared to testify that his jail did have a grievance procedure and that the Plaintiff did not file a grievance. The Plaintiff responded that he

did, to which defense counsel replied that the Plaintiff admitted in his deposition that he did not file a grievance, but only because the jail refused to give him a grievance form.

Per the Court's instruction, the Defendants have submitted a summary argument of their new exhaustion defense.  In less than 24 hours, the Defendants were able to locate the Jasper County Detention Facility's Inmate Rules and Regulations Handbook that, not surprisingly, includes an Inmate Grievance Procedure.

Why this argument was thrust upon the Court at the last minute is a mystery, but one the Court need not solve.  The Defendants did not submit *any* evidence of *any* grievance procedure at *any* facility with their Motion for Summary Judgment.  Apparently, the Defendants did not intend to introduce *any* evidence at trial either, as no grievance procedure was included on their exhibit list.  It was only after the Pretrial Conference that the Jasper County Detention Facility's handbook was located.  The Defendants, after first raising a defense based on one factual premise, will not be allowed to assert that defense at the last minute based on another factual premise.  The sole issue at trial will be whether the Defendants applied excessive force once the Plaintiff was handcuffed during the "second incident" on June 17, 2009.

As discussed and argued at the Pretrial Conference, testimony from the Plaintiff's criminal trials reveals that Defendant Gillis Lowe was not involved in the second incident, and thus Defendant Lowe is **DISMISSED**.

The Plaintiff did not demand a jury trial.  During the Pretrial Conference, the Plaintiff expressly stated he preferred a nonjury trial.  The Defendants requested a trial by jury, but have withdrawn their request for a jury trial.  Accordingly, a nonjury trial will be held on Monday, June 25, 2012.

**SO ORDERED**, this the 20th day of June, 2012.


<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT